IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TORIN SELLERS, RENEE BELL, and KEITH RUSSELL, *individually and on behalf of all others similarly situated*, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:17-CV-03614-ELR |
| SAGE SOFTWARE, INC., *et al.*, | * * | |
| Defendants. | * * | |

**ORDER**

On November 6, 2017, Plaintiffs filed an Amended Complaint against Defendants seeking wages for violation of the Fair Labor Standards Act ("FLSA"). Am. Compl. [Doc. 12]. On December 1, 2017, Defendant Sage Group PLC ("Sage Group") filed a Motion to Dismiss. [Doc. 20]. That same day, Defendants Sage Software, Inc. ("SSI") and Sage Payment Solutions, Inc. ("SPS") each filed an Answer to Plaintiffs' Amended Complaint. [Docs. 21, 22]. On December 11, 2017, while Defendant Sage Group's Motion to Dismiss was still pending, Plaintiffs filed a motion to certify class. [Doc. 25].

Thereafter, all Defendants filed an Emergency Motion to Stay Plaintiffs' Motion for Conditional Certification as a Collective Action and Supervised Notice to Class and For Telephonic Hearing ("Motion to Stay"). [Doc. 32]. Simultaneously, Defendants SSI and SPS filed an Emergency Motion for Limited Discovery and for Telephonic Hearing ("Motion for Limited Discovery"). [Doc. 31]. Specifically, Defendants SSI and SPS seek 90 days of limited discovery in order to respond to Plaintiffs' pending motion to certify class [Doc. 25]. All Defendants seek a stay regarding Plaintiffs' pending motion to certify class until 30 days after the Court's ruling on Defendant Sage Group's Motion to Dismiss and 30 days after the limited discovery requested by Defendants SSI and SPS in their Motion for Limited Discovery.

On December 28, 2017, Plaintiffs filed a Notice of Voluntary Dismissal dismissing without prejudice Defendant Sage Group from this action pursuant to Fed. R. Civ. P. 41(a)(1). [Doc. 33]. Accordingly, Defendant Sage Group's pending Motion to Dismiss [Doc. 20] is now moot.

The Court now turns to Defendant SSI and SPS' pending Motion to Stay and Motion for Limited Discovery. There is no magic formula from the Eleventh Circuit regarding whether a group of employees is similarly situated enough "to start[ ] the motors of a collective action" under the FLSA. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008). However, the Eleventh

Circuit has made clear that a two-step approach to determine whether a collective action should be certified is effective. Id. at 1260. "The first step of whether a collective action should be certified is the notice stage, . . . also referred to as conditional certification since the decision may be reexamined once the case is ready for trial." Id. at 1260-61. At the first step, the "district court determines whether other similarly situated employees should be notified." Id. at 1260. The Eleventh Circuit has described the standard at the first stage as "not particularly stringent," "fairly lenient," "flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." Id. (citations omitted). "The second stage is triggered by an employer's motion for decertification." Id. at 1261. At the second stage, "the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Id.

Defendants SSI and SPS argue that limited discovery is necessary before responding to Plaintiffs' motion to certify class because "Plaintiffs' Amended Complaint contains factual allegations about their hours worked and practices regarding the recording of hours worked, which are directly contradictory to Defendants' written policies, [so] Defendants should be permitted to test those allegations through [discovery]." [Doc. 31 at 6]. However, Defendants' argument for the alleged necessity of discovery goes to the merits of this case and not to

3

whether collective action is appropriate. Additionally, Defendants argue that discovery is necessary because "Defendants should be able to test Plaintiffs' assertion that they are similarly situated through a common policy or practice." [Id.] However, Defendants do not offer any suggestion as to why Plaintiffs might not be similarly situated. As such, the Court does not see a reason to address this general argument during the first step of the process.

While the undersigned acknowledges that some courts have allowed precertification discovery, that practice is not the norm, and Defendants have offered no reason why the Court should allow it here. After full briefing by the parties, if the Court conditionally certifies the class, Defendants may, after discovery, file a motion to decertify the collective action. Therefore, the Court denies Defendants' Motion for Limited Discovery.

Because the Court denies Defendants' Motion for Limited Discovery and denies as moot Defendant Sage Group's Motion to Dismiss, the Court also denies as moot Defendants' Motion to Stay.

For the foregoing reasons, this Court **DENIES AS MOOT** Defendant Sage Group's Motion to Dismiss [Doc. 20], **DENIES AS MOOT** Defendants' Emergency Motion to Stay Plaintiffs' Motion for Conditional Certification as a Collective Action and Supervised Notice to Class and For Telephonic Hearing [Doc. 31], and **DENIES** Defendants' Sage Software, Inc. and Sage Payment

Solutions, Inc.'s Emergency Motion for Limited Discovery and for Telephonic Hearing [Doc. 32].

**SO ORDERED**, this 5th day of January, 2018.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia